## MARIE G. AUSTIN v. WILLIAM Z. MOFFETT.[1]

January 20, 1911.

Nos. 16,945—(128).

**Assault — verdict not excessive — denial of new trial.**

> The plaintiff recovered a verdict for $1,000 against the defendant for a personal assault. *Held*, that the verdict is sustained by the evidence, the damages are not excessive, and the court did not abuse its discretion in denying a motion for a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county to recover $5,000 for assault. The facts are stated in the opinion. The case was tried before Hale, J., and a jury which returned a verdict of $1,000 in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Stevens & Stevens,* for appellant.

*Evans & Peterson,* for respondent.

START, C. J.

Appeal by defendant from an order of the district court of the county of Hennepin denying his motion for a new trial. The complaint alleged that the defendant assaulted the plaintiff, a married woman, whereby she sustained serious personal injuries. The answer denied the allegations of the complaint as to the assault. The plaintiff had a verdict for $1,000. The alleged errors here relied upon for a reversal of the order are that the verdict is not sustained by the evidence, that the award of damages is excessive, and that the court abused its discretion in denying a new trial on the ground of newly discovered evidence.

The evidence of the parties is radically conflicting. The plaintiff testified to facts showing that the assault was committed, which the defendant positively denied. The credibility of the respective parties was a question for the jury, and the evidence is sufficient to

[1] Reported in 129 N. W. 388.

sustain the verdict. The award of damages is not excessive, if the plaintiff's testimony is reliable. She testified to the effect that she was pregnant at the time of the assault, but in good health and physical condition; that the defendant came to her house to serve some papers; that he was very angry, and told her that if she did not settle the matter in three days he would come and kick her out; that he was on the porch and she on the inside, when he reached for her through the open door, and she jumped back; that she then felt the child drop, and she immediately became sick, and was confined to her bed for six weeks; and, further, that she has been in a nervous condition ever since. The defendant denied that he threatened the plaintiff or in any manner interfered with her. It is urged that the plaintiff's testimony is improbable, and that, even if it be conceded to be true, it fails to show that the defendant's acts were the proximate cause of her subsequent physical condition. We are of the opinion that this, under the evidence, was a question of fact for the jury, and the damages are not excessive.

Whether the trial court abused its discretion, in view of the sharp conflict in the evidence as to the main issue, in not granting a new trial on the ground of newly discovered evidence, is the most important question presented by the record. We have carefully considered the several affidavits in support of a motion for a new trial on this ground, in connection with the record of the trial. We have reached the conclusion that the discretion of the trial court was fairly exercised. It will serve no practical purpose to discuss in detail the affidavits. It is sufficient to say that the alleged newly discovered evidence was cumulative, or impeaching, or newly remembered.

Order affirmed.

JAGGARD, J., took no part.